IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **AMY TROUT,** *et vir*, | * |
| *Plaintiffs*, | * |
| v. | *   Civil Case No: 1:25-cv-02797-JMC |
| **KARL P. RIGGLE, M.D.,** *et al.*, | * |
| *Defendants.* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated the above-captioned medical malpractice case against Defendants on August 25, 2025. (ECF No. 1). Presently before the Court is Defendants' Motion to Amend the Scheduling Order. (ECF No. 22). Plaintiffs have contested the Motion (ECF No. 23). The Motion is fully briefed (ECF Nos. 22, 23) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Defendants' Motoin to Amend the Scheduling Order is GRANTED.

**I.   BACKGROUND**

The instant case arises from injuries Plaintiff suffered, which are the alleged result of the Defendants' negligence. (ECF No. 1 at 1).[1] On September 11, 2023, Plaintiff saw Dr. Riggle "for a consultation about her thyroid gland." *Id.* at 2. Plaintiff alleges "Dr. Riggle that she had nodules on her thyroid that were making it difficult for her to swallow." *Id.* Thereafter, "Dr. Riggle offered to perform a total thyroidectomy on Mrs. Trout. Despite the fact that Mrs. Trout's nodules were benign and relatively small, Dr. Riggle did not counsel her on less invasive, nonsurgical treatment options." *Id.* at 2-3.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

On October 11, 2023, Dr. Riggle performed a total thyroidectomy on Plaintiff. *Id.* at 3. The surgery took place at the Meritus Meical Center in Hagerstown, Maryland. *Id.* After surgery, Plaintiff asserts she "experienced respiratory distress with stridor – a highpitched, whistling sound made during breathing that is usually caused by a narrowing or obstruction in the upper airway." *Id.* at 4. "Approximately three hours later, Dr. Riggle ordered reintubation of Mrs. Trout to address 'increased stridor.' The anesthesia team reintubated Mrs. Trout "without incident." *Id.* Afterwards, Plaintiff "was extubated two days later, on October 13, 2023. She remained in the intensive care unit (ICU) at Meritus and continued to have intermittent stridor, difficulty swallowing and a weak voice." *Id.*

Plaintiff was discharged on October 20, 2023. *Id.* at 5. "She continued to experience difficulty breathing which made it hard for her to sleep." *Id.* After obtaining a second opinion from Dr. Alexander Hillel, M.D., "Dr. Hillel noted that her bilateral vocal cords had no abduction or adduction and urged Mrs. Trout to have a tracheostomy as soon as possible to secure her airway." *Id.* "On February 9, 2024, Mrs. Trout underwent a tracheostomy at Johns Hopkins Hospital. The procedure involved creating an opening in Mrs. Trout's neck and inserting a tracheostomy tube into the opening." *Id.* Plaintiff avers "her vocal cord paralysis is likely permanent." *Id.*

After Plaintiff initiated the present suit, the Court issued a Proposed Scheduling Order. (ECF No. 18). Under the Proposed Scheduling Order, the discovery schedule is as follows:

| | |
|---|---|
| November 21, 2025 | Moving for joinder of additional parties and amendment of pleadings |
| December 12, 2025 | Plaintiff's Rule 26(a)(2) disclosures |
| January 2, 2026 | Defendant's Rule 26(a)(2) disclosures |
| January 9, 2026 | Plaintiff's rebuttal Rule 26(a)(2) disclosures |

| | |
|---|---|
| January 16, 2026 | Rule 26(e)(2) supplementation of disclosures and responses |
| February 15, 2026 | Discovery deadline; submission of joint status report |
| March 2, 2026 | Requests for admission |
| March 16, 2026 | Dispositive pretrial motions deadline |

Defendants seeks the following modification:

| | |
|---|---|
| December 19, 2025[2] | Moving for joinder of additional parties and amendment of pleadings |
| January 12, 2026 | Plaintiff's Rule 26(a)(2) disclosures |
| March 20, 2026 | Defendant's Rule 26(a)(2) disclosures |
| March 27, 2026 | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| June 26, 2026 | Rule 26(e)(2) supplementation of disclosures and responses |
| June 26, 2026 | Discovery deadline; submission of joint status report |
| July 10, 2026 | Requests for admission |
| July 24, 2026 | Dispositive pretrial motions deadline |

(ECF No. 22-1 at 2). Plaintiff consents to a one-month extension to all dates and opposes Defendants' proposed schedule. (ECF No. 23 at 5). Defendants incorporate that agreed-to extension as to their first two proposed changes, but seeks longer extensions for the remaining dates.

---

[2] Defendants indicate they have incorporated Plaintiff's proposed one-month extension to the first two proposed changes. (ECF No. 22-1 at 2, 5). While Defendants' motion indicates a date of December 19, 2026, the Defendants' Memorandum makes clear that the entry is a typo.

## II.   STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

## III.   ANALYSIS

To begin, the parties agree to a one-month extension to the first two dates summarized above. Therefore, the Court finds good cause to grant the motion with respect to those dates. Regarding the remaining requests, Defendants assert there exists good cause to extend the discovery schedule due to the demands of the allegations brought against them. (ECF No. 22-1 at 3). In *Rassoull v. Maximus, Inc.*, this Court denied leave to amend when a plaintiff failed to "provide reasons for seeking a modification of the scheduling order." *Rassoull*, 209 F.R.D. at 374. Similarly, in *Kantsevoy v. LumenR LLC*, this Court found a movant failed to show good cause to

amend the scheduling order, emphasizing that the movant "has not adequately explained why it waited five months before moving to amend." *Kantsevoy v. LumenR LLC*, 301 F.Supp. 577, 590 (D. Md. 2018).

To that end, Defendants posit that they "require additional time to designate experts following Plaintiffs' designation of experts. Defendants request 60 days for Defendants to name expert witnesses following Plaintiffs' identification of experts rather than the 22 days provided for under the initial scheduling order. As in every medical negligence case, Defendants need to obtain and review medical records and allow time for their experts (once retained) to do the same." *Id.* Further, "The allegations in the Complaint suggest that in addition to noneconomic damages, Plaintiffs will seek economic damages such as the cost of future medical care and lost wages. As a result, Defendants will likely need multiple experts to address damages in addition to standard of care and causation, and an examination of Plaintiff will be needed." *Id.* In response, Plaintiff insists that Defendants "have not tried to comply with the Scheduling Order they seek to modify" and "fail to provide any reason specific to this case that they cannot meet the deadlines in the Court's Scheduling Order." (ECF No. 23 at 4).

The Court disagrees. After review of the parties' memoranda (ECF Nos. 22, 23), it is well-taken that Defendants have not provided the kind of reasons a Court would find to be extraordinary. However, in this instance, the parties are still in an early phase of litigation, and this is the first instance in which either party has requested an extension. After review of Defendants' memorandum, it can hardly be said that Defendant's have failed to provide any reason at all. *Rassoull*, 209 F.R.D. at 374. Moreover, Plaintiff concedes that some kind of an extension, though not as long as that which Defendants propose, would be helpful. *See* (ECF No. 23 at 4-5). Plaintiffs do not point to any prejudice they may suffer should the Court extend the discovery

schedule, and the Court does not find that the Plaintiff's attached correspondence supports a finding of carelessness or that Defendants have not even tried to comply with the current Schedule Order. *Rassoull*, 209 F.R.D. at 374. Therefore, the Court finds good cause to Amend the Scheduling Order as follows:

| Date | Event |
|---|---|
| December 19, 2025 | Moving for joinder of additional parties and amendment of pleadings |
| January 12, 2026 | Plaintiff's Rule 26(a)(2) disclosures |
| March 20, 2026 | Defendant's Rule 26(a)(2) disclosures |
| March 27, 2026 | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| June 26, 2026 | Rule 26(e)(2) supplementation of disclosures and responses |
| June 26, 2026 | Discovery deadline; submission of joint status report |
| July 10, 2026 | Requests for admission |
| July 24, 2026 | Dispositive pretrial motions deadline |

## IV.   CONCLUSION

Accordingly, it is this 18th day of December, 2025 hereby ORDERED that Defendants' Motion to Amend the Scheduling Order (ECF No. 22) is GRANTED.

SO ORDERED.

Dated: December 18, 2025

/s/
J. Mark Coulson
United States Magistrate Judge